STATE, ex rel. HATFIELD, Relator, v. INDUSTRIAL COMMISSION et, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6147. Decided June 30, 1959.

Keith McNamara, Richard N. Larrimer, Columbus, for relator.

Mark McElroy, Atty. Genl., William G. Carpenter, Asst. Atty. Genl., for Industrial Commission and Bureau of Workmen's Compensation, Mary Spivey Durham, Asst. Atty. Genl., Columbus, for The Columbus Regional Board of Review.

Bricker, Evatt, Barton, Eckler & Niehoff, Richard C. Pickett, of Counsel, Columbus, for Westinghouse Electric Corporation.

## OPINION

By DUFFY, J.

An action in mandamus was filed on behalf of a claimant of Workmen's Compensation and the employer, the Administrator of the Bureau of Workmen's Compensation, The Industrial Commission of Ohio and The Columbus Regional Board of Review were named as respondents. The relief sought was the payment of compensation during the pendency of the employer's appeal from a decision of The Columbus Regional Board of Review allowing her claim. The Columbus Regional Board of Review has filed a motion asking that they be dismissed as a party in the mandamus action, alleging that they have no authority or responsibility with regard to the payment of compensation at this time. It is the claim of The Columbus Regional Board of Review that only The Industrial Commission and/or the Administrator of the Bureau of Workmen's Compensation could be affected by a favorable hearing of the claimant-relator's petition and, therefore, they are not a proper party to the action.

The claimant or relator cites the provisions of §4123.516 to §4123.519 R. C., to show that it is the descision of The Columbus Regional Board of Review from which the employer appealed, and since The Regional Board did not complete its order, stating concisely the award made.

6

it must be retained as a party in this action.   While §4123.516 R. C., states,

"The decision of a regional board of review shall be the decision of the commission * * * unless the commission upon application of the administrator, the claimant or the employer, made within twenty days after the date of receipt of the decision of the regional board of review allows an appeal to the commission, * * *"
the relator is claiming that the order of The Regional Board (and, therefore, of the Commission) was not complete, and that they have an interest in the controversy adverse to the plaintiff.   (See §2307.19 R. C.)

At this time it is impossible to tell whether The Columbus Regional Board of Review is a necessary party, but it would appear that they are a proper party to the action and the motion is therefore denied.

BRYANT, PJ, concurs.
MILLER, J, not participating.